IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY BURCH, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00065-O |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant State Farm Lloyds's Motion for Summary Judgment (ECF No. 19), Plaintiffs Jeffrey and Beverly Burch's Response (ECF No. 22), and Defendant's Reply (ECF No. 24). Having considered the parties' briefing and the applicable law, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment.

## I. BACKGROUND[1]

This case presents an insurance coverage dispute between homeowners ("Plaintiffs") and their insurer ("Defendant"). On April 28, 2021, Plaintiffs' home (the "Property") sustained damage due to a hailstorm (the "Loss Event"). At the time of the Loss Event, the Property was covered under an insurance policy issued by Defendant (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

On June 10, 2021, Plaintiffs submitted a claim to Defendant for damages the Property allegedly sustained because of the Loss Event. Defendant sent an adjuster to assess the damage the Property sustained by the Loss Event. Defendant consequently denied coverage in a letter to Plaintiffs on June 22, 2021, after deciding the covered loss did not exceed the Policy deductible.

---

[1] The Court's recitation of the facts is taken from the parties' summary judgment briefing.

Plaintiffs disputed Defendant's denial of coverage and requested an appraisal under the Policy. Defendant obliged to this request, completing its appraisal and reinvestigation on September 22, 2021. Plaintiffs completed their independent appraisal on September 28, 2022, which was sent to Defendant on November 2, 2022.

After both parties completed their individual appraisals, Defendant sent a second letter denying coverage on November 22, 2022. Defendant acknowledged minor damage covered by the Policy but maintained its decision to deny payment because the damage still did not reach the Plaintiffs' insurance deductible.

Plaintiffs filed suit on November 12, 2024 in state court.[2] Plaintiffs alleged three types of claims: 1) one claim based in contract; 2) several "extracontractual" claims for alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act ("DTPA"), and common-law duties; and 3) two fraud claims.[3] Defendant removed the case to federal court and has since moved for summary judgment.[4] The Motion is ripe for review.

## II.  LEGAL STANDARD

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

---

[2] *See* Def.'s Notice of Removal Ex. A (Pls.' Original Compl.) 5, ECF No. 1-1.
[3] *Id.* at 8–18.
[4] *See* Def.'s Notice of Removal, ECF No. 1; Def.'s Mot. Summ. J., ECF No. 19.

"Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III.   ANALYSIS

Defendant moves for summary judgment on the basis that all of Plaintiffs' claims are time-barred.[5] Plaintiffs respond that their breach-of-contract and extracontractual claims with a two-year limitations period are not time-barred because the period did not begin running until November 22, 2022, when Defendant again denied coverage.[6] Either way, Plaintiffs argue that their fraud claims are not time-barred because they are subject to a four-year statute of limitations.[7] In reply, Defendant argues that Plaintiffs' fraud and fraud-by-nondisclosure claims fail as a matter of law because Plaintiffs cannot recast a breach-of-contract claim as fraud through artful pleading.[8]

For the reasons explained below, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiffs' breach-of-contract and extracontractual claims and **DENIES** Defendant's Motion as to Plaintiffs' fraud claims.

---

[5] Def.'s Mot. Summ. J. 3–7, ECF No. 19.
[6] Pls.' Resp. Mot. Summ. J. 3–7, ECF No. 22.
[7] *Id.* at 7. To be sure, Plaintiffs initially argue they "filed suit well within the four-year limitations period for [their] *breach of contract*, fraud, and fraudulent misrepresentation claims." *Id.* at 1–2 (emphasis added). But they do not cite any law to support a four-year statute of limitations for their breach-of-contract claim. Rather, they appear to concede Defendant's argument that "pursuant to the Policy, . . . there is a contractually reduced statute of limitations of two years" for their breach-of-contract claim. *Id.* at 4.
[8] Def.'s Reply Mot. Summ. J. 3, ECF No. 24.

A. **Plaintiffs' Breach-of-Contract and Extracontractual Claims**

Plaintiffs argue their breach-of-contract and extracontractual claims are not time-barred because State Farm "changed its coverage decision" when it sent its second claim denial letter on November 22, 2022.[9] Defendant argues that Plaintiffs' claims are still time-barred because Defendant's ultimate claim decision did not change.[10] The Court agrees with Defendant; the accrual date did not change after Defendant issued its denial letter, reopened the claim for appraisal, and then affirmed its claim denial.

Because this Court is sitting in diversity, Texas law determines the limitations period applicable to each of Plaintiffs' claims. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."). Under Texas law, claims for violations of the Texas Insurance Code and the Texas Business and Commerce Code must be brought within two years after the cause of action accrues. TEX. INS. CODE § 541.162; TEX. BUS. & COM. CODE § 17.565. Likewise, claims for breach of the duty of good faith and fair dealing and negligent misrepresentation must be brought within two years after the cause of action accrues. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Therefore, Plaintiffs' extracontractual claims unequivocally are subject to a two-year statute of limitations.

As to Plaintiffs' breach-of-contract claim, neither party cites to a controlling statute of limitations. Instead, Defendant argues that under Texas law, parties may agree to a limitations period by contract, so long as the limitations period is at least two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.070(a). Here, Defendant attaches the contract to show that the parties agreed to a two-year limitations period for Plaintiffs' breach-of-contract

---

[9] *Id.* at 4–7.
[10] Def.'s Mot. Summ. J. 5–7, ECF No. 19.

claim.[11] Plaintiffs concede that "pursuant to the Policy, while Plaintiffs had little opportunity to challenge, there is a contractually reduced statute of limitations of two years."[12] Plaintiffs do not acknowledge *which* claims are subject to the contractual limitations period, but they do *not* refute Defendant's position that the breach-of-contract claim is. Therefore, in the absence of any argument, law, or evidence to the contrary, the Court determines that Plaintiffs' breach-of-contract claim is subject to the two-year limitations period in the contract.

In any event, the core of the parties' dispute is when Plaintiffs' claims accrued. "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Knott*, 128 S.W.3d at 221. The cause of action generally accrues at this point "regardless of when the plaintiff learns of th[e] injury." *Id*. In a first-party insurance claim, "[t]he injury producing event is the denial of coverage." *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 829 (Tex. 1990). To establish that date, a court asks whether an unambiguous denial has been communicated. *Pace v. Travelers Lloyds Tex. Ins. Co*., 162 S.W.3d 632, 635 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

If an insured argues that subsequent events resulted in a change to the insurer's coverage decision, as here, a court asks whether there is "evidence that that decision was ever expressly or impliedly withdrawn or changed, such as by making payment or otherwise taking action inconsistent with that decision." *Id.* "[A]n insurer's post-denial re-investigation of property damage alone is not 'taking action inconsistent with [the denial] decision.'" *Smith v. Travelers Casualty Ins. America*, 932 F.3d 302, 314 (5th Cir. 2019) (second alteration in original) (quoting

---

[11] *Id.* at 4; *id.* Ex. A (Policy) 11, ECF No. 19-1. The limitations clause in the contract applies to a "suit or action brought against [Defendant]," but Defendant does not argue that it applies to *all* of Plaintiffs' claims. *Id.* Ex. A (Policy) 11, ¶ 6(b), ECF No. 19-1. Rather, Defendant only argues it applies to Plaintiffs' breach-of-contract and prompt-payment claims. *Id.* at 4. In any event, Plaintiffs do not ask the Court to decide which claims are subject to the contract.

[12] Pls.' Resp. Mot. Summ. J. 4, ECF No. 22.

*Pace*, 162 S.W.3d at 635). For example, a panel of the Fifth Circuit, presented with similar facts as these, declined to recognize a new accrual date where the insurer's re-investigation resulted in the same coverage decision. *See De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 409 (5th Cir. 2016); *id.* at 407 ("Nevertheless, the cost of repairing the damage the inspection uncovered was less than De Jongh's deductible. State Farm again closed De Jongh's claim without payment.").

Here, Defendant first denied coverage on June 22, 2021, because the covered damage fell below the Policy deductible.[13] This denial unambiguously stated that Plaintiffs would not receive any insurance payments, thus triggering the accrual date.[14] Though Defendant agreed to reinvestigate the claim and acknowledged some minor damage, this did not change the accrual date.[15] Here, as in *De Jongh*, the damages still fell below the Policy deductible, so Defendant maintained its decision to deny payment.[16] *See* 664 F. App'x at 407. Therefore, Defendant's reinvestigation did not amount to "action inconsistent with [the denial] decision." *Smith*, 932 F.3d at 314.

Accordingly, the Court determines that the accrual date did not change after Defendant sent its initial denial letter on June 22, 2021.[17] Plaintiffs filed this action in state court on November 12, 2024.[18] As explained, the statute of limitations for Plaintiffs' breach-of-contract and extracontractual claims is two years. Because Plaintiffs filed their breach-of-contract and extracontractual claims over three years after the accrual date, these claims are time-barred. The

---

[13] *Id.* Ex. B-1 (Def.'s First Denial Letter), ECF No. 19-3.
[14] *Id.*
[15] *Id.* Ex. B-3 (Appraisal Conditions), ECF No. 19-5; Pls.' Resp. Mot. Summ. J. Ex. 4 (Def.'s Reinvestigation Findings), ECF No. 22-5.
[16] Def.'s Mot. Summ. J. Ex. B-4 (Def.'s Second Denial Letter), ECF No. 19-6.
[17] *Id.* Ex. B-1 (Def.'s First Denial Letter), ECF No. 19-3.
[18] Def.'s Mot. Summ. J. 3, ECF No 19.

Court therefore **GRANTS** Defendant's Motion with respect to Plaintiffs' breach-of-contract and extracontractual claims.

### B. Plaintiffs' Fraud and Fraud-by-Nondisclosure Claims

In response to Defendant's Motion stating all of Plaintiffs' claims are time-barred, Plaintiffs argue that their fraud claims survive because those claims are subject to a four-year statute of limitations.[19] Defendant does not deny that a four-year limitations period applies.[20] Rather, Defendant argues—for the first time in reply—that Plaintiffs' fraud claims fail as a matter of law because they reflect Plaintiffs' attempt to "recast" their breach-of-contract claim as fraud to avoid the statute of limitations.[21] However, by advancing that argument for the first time in reply, Defendant waived the argument. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."). Moreover, Plaintiffs are correct that their fraud claims are subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a). Therefore, Plaintiffs' fraud claims are not time-barred, and Defendant's Motion for Summary Judgment is thus **DENIED** as to Plaintiffs' fraud claims.

### I. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. Plaintiffs' breach-of-contract and extracontractual claims are **DISMISSED with prejudice**. Plaintiffs' fraud claims survive summary judgment.

**SO ORDERED** on this **8th day** of **August, 2025.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[19] Pls.' Resp. Mot. Summ. J. 4, ECF No. 22.
[20] Def.'s Reply Mot. Summ. J. 3, ECF No. 24.
[21] *Id.*